**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

DON WOOD,

    Plaintiff,

v.                                          CASE NO.:   3:07cv95/MCR/EMT

DONALD RICKEY GREEN, et al.,

    Defendants/Third-Party Plaintiffs,

v.

KAY WOOD, et al.,

    Third-Party Defendants.

_____/

**<u>FINAL SCHEDULING AND TRIAL ORDER
AND MEDIATION REFERRAL</u>**

The parties have submitted their joint scheduling report. Upon consideration, IT IS ORDERED:

1.    Trial is hereby set for the two-week trial period commencing on Monday, **April 21, 2008**. Any party with a conflict during that trial period may file a notice to that effect within 14 days of the date of this order, and such notice will be given such consideration as may be appropriate.

2.    The joint scheduling report (doc. 16) will control the matters set forth therein. The discovery deadline is **September 11, 2007**. With respect to matters not addressed in the parties' joint report, the Initial Scheduling Order remains in effect.

3.    The deadline for filing potentially dispositive motions is **twenty (20) days** after the discovery deadline. The filing of potentially dispositive motions need not, however, await the deadline for such motions. Potentially dispositive motions should be filed at the

earliest appropriate time. It is rarely necessary that such motions await the completion of all discovery.

4. In circumstances when the Federal Rules of Civil Procedure would require leave of court for adding parties or amending pleadings, parties may be added or pleadings amended only with leave of court. Pursuant to the parties' request, each party shall be allowed until **August 1, 2007**, to join additional parties and to amend pleadings.

5. Even if supplemented prior to the deadline established by the joint scheduling report, disclosures under Federal Rule of Civil Procedure 26 shall in any event be supplemented within a reasonable time after learning information calling for supplementation and in time to ensure the opposing party is not prejudiced by any failure to supplement immediately after the information was or with diligence should have been discovered. Disclosures of retained expert witnesses and their written opinions under Rule 26(a)(2) are due from Plaintiff on or before **July 13, 2007**, and from Defendant on or before **August 13, 2007**.

6. The deadlines established by this order for disclosures under Federal Rule of Civil Procedure 26(a)(2) abrogate the deadlines set forth in Rule 26(a)(2)(C) and thus apply regardless of whether proposed testimony is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B). Leave of court must be sought, for good cause, prior to addition of testimony for which timely disclosures were not made, even if the testimony is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B).

7. By separate Order for Pretrial Conference to be issued later, a deadline will be set for an attorney conference leading to the filing of a pretrial stipulation and related papers. The deadline for the attorney conference (as established by the Order for Pretrial Conference) also will be the deadline for disclosures under Federal Rule of Civil Procedure

26(a)(3). The deadline for objections under Federal Rule of Civil Procedure 26(a)(3) is five days thereafter.

8. Any motion in limine or other pretrial motion shall be served sufficiently in advance of the pretrial conference to allow consideration of the motion at or prior to the pretrial conference.

9. The parties shall mediate this case in accordance with the following procedures:

(a) The parties are directed to select a mediator certified by the Supreme Court of Florida as a Circuit Court Mediator or a person otherwise mutually agreeable to the parties. If the parties are unable to agree upon a mediator by a date three weeks prior to the discovery deadline, the plaintiff shall immediately file a notice so indicating, and I will appoint a mediator.

(b) Unless otherwise agreed, the fee of the mediator shall be paid equally by the parties. The fee shall be paid in the manner required by the mediator.

(c) The first mediation conference shall commence by not later than 14 days after the discovery deadline (but may commence at any earlier time). The mediator shall set the initial mediation conference with due regard to schedules and other commitments of the parties and counsel and may continue or adjourn the mediation conferences in his or her discretion within the time constraints set out in this order.

(d) The following persons MUST attend the mediation conference:

(1) Counsel of record primarily responsible for the conduct of this matter on behalf of each party.

(2) All parties. In the case of a corporation, governmental entity, or other organization, or officer in his or her official capacity, the party must attend through a representative having full authority to settle the entire case for the party without further consultation. In his or her discretion, however, the mediator may waive the requirement

that the attending representative's full authority to settle be "without further consultation." Unless the mediator directs otherwise, the parties by agreement also may waive the requirement that the attending representative's full authority to settle be "without further consultation."

      (3)  If a party is insured, a representative of the insurer having full authority to settle without further consultation.  In his or her discretion, however, the mediator may waive the requirement that the insurer's representative's full authority to settle be "without further consultation." Unless the mediator directs otherwise, the parties by agreement also may waive the requirement that the attending insurer's representative's full authority to settle be "without further consultation."

(e)    Failure of any person to attend the mediation conference as required shall result in the imposition of sanctions.

(f)    The parties shall confer in advance on the submission of written materials to the mediator and shall proceed in accordance with any agreement they reach or the instructions of the mediator.  In the absence of agreement of the parties or instructions from the mediator, no written submissions to the mediator are required, but either party may submit materials as it deems appropriate, which the mediator may consider as he or she deems appropriate.

(g)    The mediator shall have authority to control the procedures to be followed in mediation, may adjourn the mediation conference and set times for reconvening, and may suspend or terminate mediation whenever, in the opinion of the mediator, the matter is not appropriate for further mediation.

(h)    All discussions, representations, and statements made at the mediation conference shall be off the record and privileged as settlement negotiations.  Mediation proceedings shall not be recorded by a court reporter or by an electronic recording device, except as necessary to memorialize any settlement that may be reached.

(i)      This referral to mediation does not automatically toll the time for completion of any other matter in this case.

(j)      The parties are encouraged to settle as many issues during mediation as possible.  Partial or complete settlements shall immediately be reduced to writing in the presence of the mediator and shall be signed by all parties and their counsel.

(k)      Mediation in this case must be completed on or before a date 28 days after the discovery deadline.  The mediator or parties shall file a report within 14 days thereafter indicating when mediation was conducted and the outcome of the mediation (that is, whether the matter was settled or impasse was declared).  If the matter is settled in full, notice to the court shall be immediate.

(l)      Counsel for each party shall, within 10 days of the date of this order, consult with his or her client about the advantages (including savings of costs and attorney's fees) and disadvantages of proceeding with mediation immediately rather than awaiting the deadlines set in this order.  On motion of any party, the court will consider ordering that mediation commence immediately or at a time earlier than otherwise required by this order.  With or without such an order, the parties by agreement may commence mediation at any time before the deadlines set in this order.

**SO ORDERED** this 2nd day of July, 2007.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**