# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**DON WOOD, individually,**
**CAREY EBERT, as trustee of the**
**Chapter 7 Bankruptcy Proceeding**
**for Donald and Kay Wood,**

        **Plaintiffs,**

**v.**　　　　　　　　　　　　　　　　**3:07cv95/MCR/EMT**

**DONALD RICKEY GREEN, individually;**
**EMILY MELINDA GREEN, individually;**
**and FLORIDA CLAIMS CONSULTANTS, INC.**
**n/k/a GREEN STATE PUBLIC ADJUSTERS,**
**INC., a Florida Corporation,**

        **Defendants,**

**v.**

**KAY WOOD; SUNCOAST CLAIMS, INC.,**
**a Florida Corporation,**
**STORM CONTRACTING, INC., a Florida**
**Corporation;**
**SYLVENTION, INC., d/b/a HABITECH,**

        **Third-Party Defendants.**
_____/

## O R D E R

Pending before the court is defendants' Motion to Dismiss Counts I and II of Plaintiff Don Wood's Second Amended Complaint for lack of standing. (Doc. 43). Defendants argue these claims became part of the bankruptcy estate when Mr. Wood filed for voluntary bankruptcy and thus only the bankruptcy trustee (Plaintiff Carey Ebert) has standing to assert them. Also pending before the court are the parties' cross motions for summary judgment. (Docs. 63 and 70). The court heard oral argument on the parties' motions for summary

judgment on February 1, 2008. During the oral argument, the court identified Mr. Wood's standing as a threshold issue. The court invited the parties to submit supplemental memoranda on the issue. In response, defendants now take the position that Mr. Wood does in fact have standing to assert the claims in Counts I and II because the trustee for his bankruptcy estate has agreed to distribute to him thirty-five percent (35%) of the proceeds from any judgment in this case as well as any amount above the sum claimed by Mr. Wood's creditors minus attorney's fees. See doc. 118. Defendants argue that Mr. Wood therefore is a party in interest to these claims and can assert them independently of the bankruptcy trustee. See id. Plaintiffs likewise maintain that Mr. Wood has standing, but for a different reason. See doc. 119. Plaintiffs maintain that Mr. Wood has standing to assert any post-petition claims for breach of contract because such claims are not part of the bankruptcy estate. See id. (citing 11 U.S.C. §§ 541(a)(1) and 541(a)(6)).

While either of these theories may be sufficient to support Mr. Wood's standing, the Second Amended Complaint does not include a factual basis to support either one.[1] See Elend v. Basham, 471 F.3d 1199, 1205-06 (11th Cir. 2006) (quoting Warth v. Seldin, 422 U.S. 490, 518, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (internal quotation marks omitted)) ("It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers."). Because the Second Amended complaint does not clearly show that Mr. Wood has standing to bring the claims in Counts I and II, the defendants' motion to dismiss will be granted without prejudice, and plaintiffs will be given leave to file a third amended complaint clearly setting forth the factual basis for Mr. Wood's standing.[2]

---

[1] The court makes no finding at this time on Mr. Wood's standing.

[2] The amendment should pertain only to standing allegations; nothing more. Thus, the amendment should not affect the pending motions for summary judgment.

Case No.: 3:07cv95/MCR/EMT

Accordingly, defendants' Motion to Dismiss (doc. 43) is GRANTED.  Counts I and II of plaintiffs' Second Amended Complaint are dismissed without prejudice and with plaintiffs given leave to file a third amended complaint clearly stating the factual basis for Mr. Wood's standing.  Plaintiffs have ten (10) days to file the third amended complaint.

ORDERED on this 27th day of February 2008.

s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**