IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DON WOOD, individually,
CAREY EBERT, as trustee of the
Chapter 7 Bankruptcy Proceeding
for Donald and Kay Wood,

      Plaintiffs,

v.                                                CASE NO.:  3:07cv95/MCR/EMT

DONALD RICKEY GREEN, individually;
EMILY MELINDA GREEN, individually;
and FLORIDA CLAIMS CONSULTANTS, INC.
n/k/a GREEN STATE PUBLIC ADJUSTERS,
INC., a Florida Corporation,

      Defendants/Third-Party Plaintiffs,

v.

KAY WOOD; SUNCOAST CLAIMS, INC.,
a Florida Corporation,
STORM CONTRACTING, INC., a Florida
Corporation;
SYLVENTION, INC., d/b/a HABITECH,

      Third-Party Defendants.
_____/

## O R D E R

      This case is set for trial Monday, September 15, 2008.  A pre-trial conference was held on Monday, September 8, 2008, at which time the parties raised an issue pertaining to plaintiff's earnings on the contracts in question.

      In its summary judgment order, the court ruled that plaintiff had no standing to pursue recovery of monies earned by him under the contract(s) prior to the date he filed his bankruptcy petition.  This is because these monies are part of the bankruptcy estate. The

court also ruled that plaintiff should be judicially estopped from recovering monies on these pre-petition claims. At the same time, the court determined that plaintiff did have standing to pursue recovery of income earned post-petition; however, on the question of judicial estoppel, the court found the record was not clear on certain elements of the defense and was therefore unable to decide the issue. This matter, however, may be resolved as a matter of law at trial if the evidence is sufficiently developed on all elements of judicial estoppel.

The issue disputed by the parties at the pre-trial conference concerns the question of when the money was "earned" for purposes of deciding whether it represents pre-petition or post-petition earnings. As the parties correctly noted at the pretrial conference resolution of this legal question bears significantly on the question of standing, judicial estoppel, and damages and is thus an important issue for trial. It is plaintiff's position that he did not earn the money until such time as defendant was paid by the insurance companies for his work; according to plaintiff until that time he had no right to recover under the contract(s) because the contract(s) provided he was entitled to 60% of the funds *received* by the insurance companies. Defendant's position is that plaintiff earned the money once he performed the work.

A review of the court's summary judgment order shows this issue was resolved by the court on summary judgment. The order states multiple times that income from plaintiff's pre-petition services is the property of the estate. The court now reiterates that ruling: all monies from work performed by plaintiff under the contract(s) prior to the time he filed for bankruptcy are the property of the estate, regardless of when plaintiff was paid or should have been paid the monies; thus plaintiff does not have standing to pursue these claims and is judicially estopped from recovering money on these claims.[1]

---

[1] The court has reviewed numerous cases dealing with the question of what constitutes property of the estate under 11 U.S.C. §§ 541(a)(1) and (a)(6). See In re Bracewell, 454 F.3d 1234 (11th Cir. 2006), cert. denied, 127 S.Ct 1815, 167 L.Ed.2d 356 (2007); In re Witko, 374 F.3d 1040 (11th Cir. 2004); In re Equipment Services, Inc., 290 F.3d 739 (4th Cir. 2002) aff'd sub nom. Lamie v. United States Trustee, 540 U.S. 526, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004); In re Jess, 169 F.3d 1204 (9th Cir. 1999); In re Tully, 202 B.R. 481 (B.A.P. 9th Cir. 1996); Turner v. Avery, 947 F.2d 772 (5th Cir. 1991); In re Araj, 371 B.R. 240 (E.D. Mich.. 2007); In re Lapi, 2005 WL 3199022 (Bankr. S.D. Fla. June 24, 2005); In re Lawton, 261 B.R. 774 (Bankr. M.D. Fla. 2001); In re Alstad, 265 B.R. 488 (Bankr. M.D. Fla. 2001); In re Clay, 241 B.R. 534 (Bankr. N.D. Tex. 1999); In re Allen, 217 B.R. 952 (Bankr. M.D. Fla. 1998); In re Parker, 9 B.R. 447 (Bankr. M.D. Ga. 1981). It is the court's position that plaintiff had an enforceable legal or equitable interest in the earnings from

The court does not foresee the jury deciding any factual issues on the question of judicial estoppel.  The question of when plaintiff performed certain work on given projects in relation to his bankruptcy filing should not be in dispute.[2]  Thus, the court would expect a stipulation from the parties as to the pre-petition and post-petition claims.

**SO ORDERED** this 11th day of September, 2008.

    *s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNTIED STATES DISTRICT JUDGE**

---

work he performed under the contract(s) prior to the date he filed for bankruptcy regardless of when defendant received payment for plaintiff's work.  The contract(s) provided in pertinent part that plaintiff would be compensated 60% of the net funds received by defendant from the insurance companies.  The fact that plaintiff might not have been paid until such time as defendant received payment for plaintiff's work from the insurance companies does not affect plaintiff's contractual interest in those earnings, which arose at the point in time he completed his work on a specific insurance claim pursuant to the parties' agreement.  Once plaintiff completed his work on a specific insurance claim or for a given insurance company he had fully performed his obligation under the contract; there was nothing remaining for plaintiff to do except await defendant's receipt of payment from the insurance company for that work, to which he was apparently entitled 60%.  Plaintiff's interest in the earnings for the work he performed arose when he completed the work, not when defendant received payment from the insurance company.  In other words, at the time plaintiff filed his bankruptcy petition, his contractual interest could generate proceeds for the estate.  See In re Bracewell, 454 F.3d at 1245.  This is altogether different from the situation in Witko, where the plaintiff's malpractice cause of action did not even exist when he filed for bankruptcy.  Here, at the time plaintiff filed his bankruptcy petition, the contract(s) existed and plaintiff had fully performed services under the contract(s) which entitled him to be paid at a stated rate for his services.  The fact that the precise amount of the earnings could not be determined until defendant received payment from the insurance companies does not alter plaintiff's interest in the earnings, which interest belongs to the estate.

   [2]  As noted, this was not clear from the record on summary judgment. Although the record contained checks representing payment for work done under the contract(s), the checks do not indicate the date on which the work was performed.

Case No.: 3:07cv95/MCR/EMT