**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**DON WOOD, et al.,**

     **Plaintiffs,**                            **Case No. 3:07cv95/MCR/EMT**

**v.**

**DONALD RICKEY GREEN, et al.,**

     **Defendants,**

_____/

**O R D E R**

Before the court is the motion of Plaintiffs Don Wood ("Wood") and Carey Ebert ("Ebert"), in her capacity as trustee of the Chapter 7 bankruptcy proceeding for Don and Kay Wood, seeking review of the clerk's taxation of costs against plaintiffs in this case (doc. 193). Defendant Donald Green ("Green") has responded. Plaintiffs' motion stems from a September 18, 2008, jury verdict against plaintiffs on their breach of contract claim against the defendants. Judgment was entered against plaintiffs on the same day, together with taxable costs. The defendants submitted a bill of costs on October 2, 2008, and Wood timely filed objections to it. On June 4, 2009, the clerk of court taxed costs of $6,492.70 against the plaintiffs.

Federal Rule of Civil Procedure 54(d)(1) provides that costs other than attorney's fees "should be allowed to the prevailing party." As the Eleventh Circuit has noted, Rule 54(d) gives rise to a presumption that costs will be awarded, and the party opposing the award must overcome this presumption. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991); *see also Monelus v. Tocodrian, Inc.*, 609 F. Supp.2d 1328, 1333 (S.D. Fla. 2009) ("When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable[.]"). Section 1920 of Title 28 authorizes

a judge or clerk of court to tax six items as costs: (1) fees of the clerk and marshal; (2) court reporter fees for transcripts obtained for use in the case; (3) fees for printing and for witnesses; (4) costs associated with papers obtained for the case; (5) docket fees; and, (6) compensation for court appointed experts and interpreters.  28 U.S.C. § 1920(1)-(6).  A court may not award costs that exceed those permitted by § 1920.  *See Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988).  A court can exercise its discretion in awarding allowed costs, but it must identify the reasons for denying costs to the prevailing party.  *See Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

Ebert claims that she is individually immune from any costs in this case because she acted only as the Chapter 7 trustee of the bankruptcy estate.  As a general rule, bankruptcy trustees "are not individually liable unless they act outside their authority."  *Yadkin Valley Bank & Trust Co. v. McGee*, 819 F.2d 74, 76 (4th Cir. 1987) (internal quotation marks and citation omitted) (emphasis omitted).  No allegation was raised in this case that Ebert acted outside of her authority, and the court's judgment did not reflect any liability against Ebert individually.  A bankruptcy trustee takes the title and rights in the property a debtor possessed at the time the debtor seeks bankruptcy protection.  *In re Raborn*, 470 F.3d 1319, 1323 (11th Cir. 2006).  Consequently, costs are taxable against Ebert only in her capacity as the trustee of the bankruptcy estate; she has no individual liability for the costs.

As to Donald Wood, the clerk entered costs for four service of process fees: $20 for the Leon County Sheriff; $100 for the Tarrant County Constable; $25 for Legal Process Servers; and $65 for service executed by Metro-Tech Reporting.  Wood complains that these costs are improper because § 1920(1) provides only for fees of "the clerk and marshal," and the United States Marshal did not effect service of process in this case.  As Wood recognizes, however, the Northern District of Florida's Local Rule 54.2(C) provides that taxable items shall be specified by administrative order.  An administrative order was issued on September 21, 2004, stating that service of process fees shall not exceed "the amount that would be charged by the United States Marshal for performing the same service."  Wood objects that Green has not shown what a Marshal would charge; notwithstanding, the Marshal's rate was established by federal regulation at the time

service was effected in this case at $45 an hour. *See* 28 C.F.R. § 0.114(a)(3). Green surmises that the clerk automatically adjusted the process fees to an amount equal to what a United State Marshal would have charged. This presumes that the clerk was able to adjust the fees based on the amount of time each server incurred; calculated at the Marshal's rate of $45 per hour, for example, the Leon County Sheriff would be entitled to $20 only if he spent less than half an hour in serving process. However, the invoices Green submitted to support his memorandum of costs reflect only flat fees and do not include the amounts of time each server took to effect service. Faced with similar facts, some courts have adjusted the process fees to what a Marshal would have charged for each service at one-hour per service. *See*, *e.g.*, *Vardon Golf Co., Inc. v. Karsten Mfg. Corp.*, No. 99 C 2785, 2003 WL 1720066, at *8 (N.D. Ill. March 31, 2003). The court agrees with this reasoning, and the current charge of $210 in Items 1-3 and 6 in the memorandum of costs is adjusted to $180 to reflect four services of process at a fee of $45 each.

Wood next complains that $198 for a transcript of Don Wood's examination under oath is not taxable because it was taken before the commencement of this suit.[1] Wood argues that the Northern District of Florida's administrative order only covers depositions "in the case at bar," and Wood's examination under oath necessarily falls outside that category. This interpretation of the administrative order is too narrow. The order is designed to assist the clerk in determining what costs are taxable and explicitly provides that it is "not meant to remove or restrict the discretion of any judge in determining the taxability of such item on review of the clerk's decision." At least in this case, the examination should be seen as similar to a deposition because the record shows that Green relied on it in his trial brief to argue that Wood was making allegations that were at odds with those made in his examination. As such, the transcript of the examination was proffered in the same way deposition testimony would be to impeach a witness by means

---

[1] The bill of costs reflects $208 for Item 4 and $2,158.50 for Item 10. However, these costs have already been reduced by $10 each because the clerk correctly declined to tax the $10 ASCII disc included in the invoices supporting these items.

of his former answers.  Deposition transcripts used to impeach witnesses are taxable.  *See Crandall v. City and County of Denver, Colorado*, 594 F. Supp.2d 1245, 1248 (D. Colo. 2009).  The fact that the examination itself preceded the commencement of suit does not preclude the taxation of the transcript.  Neither the administrative order nor § 1920(2) requires that the deposition from which the transcript is made be taken in the case; the statute allows the cost of a "transcript necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  The record shows that the transcript was made during the course of this litigation and used as part of the suit.  Accordingly, the court will not strike the taxation of the $198 fee in Item 4 of the memorandum of costs.

Wood also objects to the $675 fee in Item 9 for the video depositions of Carey Ebert and Mark Wood, arguing that § 1920 only applies to a stenographic deposition transcript. This argument is without merit.  As the Eleventh Circuit has explained, video depositions were unknown when § 1920 was adopted.  *Morrison v. Reichold Chemicals, Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996).  *Morrison* states that the statute should be read to allow the cost of video services when: (1) a party notices a deposition to be recorded by either nonstenographic means, or a combination of stenographic and nonstenographic means, and no other party objects at the time to the proposed method, and (2) the deposition is necessary to the case.  *Id*.  Green argues that the depositions were noticed as video depositions, and Wood did not object.  Although the court has no specific evidence relating to the depositions' notice, Wood bears the burden of overcoming the presumption that Green is entitled to the $675.  In the absence of any evidence contradicting Green, or any contention that the depositions were not necessary to the case, the court allows the $675 deposition fee listed in Item 9.

The court agrees, however, that neither $384.30 for an expedited transcript of the first day of trial nor $820.45 for the second day is taxable.  The costs for expedited transcripts may be allowable when a court believes they are justified in light of the length and complexity of a trial.  *Maris Dist. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1226 (11th Cir. 2002).  *Maris* did not provide specific guidelines for finding such justification;

however, *Maris* involved a trial far more complex than the one here, which involved a breach of contract claim and lasted only three days. Green has not shown why it was necessary to obtain expedited transcripts for the first two days of the trial , and court does not find the length or complexity of this proceeding sufficient to justify costs for the transcripts. Thus, Items 14 and 15 in the memorandum of costs are disallowed.

Finally, Wood argues that certain charges included in the $2,148.50 listed in Item 10 are not taxable. Item 10 combines $230 for the court reporter's appearance at Wood's deposition and $348 for a deposition transcript. Wood concedes that these items are taxable. He objects, however, to a $620 fee for the expedited transcript of the deposition; $825.50 for the video deposition of Don Wood; and $125 for the video deposition of Kay Wood. As stated above, video deposition fees are taxable when they satisfy *Morrison*'s two-part test. Wood makes no argument that the depositions were not properly noticed or that he objected to videotaping them, and thus the court will tax the two video deposition fees. However, Green is not entitled to $620 for an expedited transcript of Wood's deposition. The cost for an expedited deposition transcript is ordinarily not taxable when it is obtained for the convenience of counsel. *Nat'l Bancard Corp. v. VISA, U.S.A., Inc.*, 112 F.R.D. 62, 64 (S.D. Fla. 1986). Green has not made any showing that an expedited transcript was necessary to his case. The court issued a scheduling order on May 14, 2007, giving the parties until September 11 to complete discovery. The deadline was later extended to November 11, with summary judgment motions due by December 1, 2007. Despite ample time to conduct discovery, Green waited until October 22, 2007, to take the deposition at issue here. He has not shown why it could not have been taken in time to file a summary judgment motion without an expedited transcript or why the transcript was otherwise obtained out of necessity and not convenience. The fee of $2,148.50 in Item 10 is reduced by $620 to $1,528.50. Accordingly,

1.     Plaintiffs' Motion for Review of Clerk's Taxation of Costs (doc. 193) is GRANTED IN PART and DENIED IN PART;

2.    The clerk shall adjust the bill of costs to reflect a charge of $180 for Items 1-3 and 6 in the memorandum of costs; strike the charge of $384.30 in Item 14; strike the charge of $820.45 in Item 15; and adjust the charge in Item 10 to reflect $1,528.50.

**DONE AND ORDERED** this 31st day of March, 2010.


s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**